UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CV-61279-COHN

DOUGLAS L. GRANSTON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND DISMISSING CASE

**THIS CAUSE** is before the Court on the Report of Magistrate Judge [DE 13] ("Report"). The Court has reviewed the Report, the docket in the case, and is otherwise advised in the premises.[1]

According to a stipulated factual proffer signed by both Mr. Granston's attorney and the prosecutor, on fifteen separate occasions Mr. Granston entered a bank, approached a teller, and demanded money. See DE 21 in Case No. 09-CR-60107. The proffer stated, among other things, that Mr. Granston sometimes used a gun and sometimes threatened to shoot the teller. See id. Mr. Granston was captured on surveillance cameras without a hat or sunglasses, his tattoos were visible, and a teller identified him in a photo lineup. See id.

The Court sentenced Mr. Granston to concurrent sentences of sixty months' imprisonment for each robbery count (i.e., Counts 1-3, 5-14, 16-17), sixty months' imprisonment for carrying/using a firearm during a crime of violence (i.e., Count 4),

---

[1] The Movant, Douglas L. Granston, has not filed objections to the Report and the time for filing objections has passed.

consecutive to the robbery counts, and 240 months' imprisonment on a separate count of carrying/using a firearm during a crime of violence (i.e., Count 15), to be served consecutive to the other sentences.  See DE 24 in Case No. 09-CR-60107.  Mr. Granston did not appeal.

Thereafter, Mr. Granston filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  See DE 1 in Case No. 10-CV-61279.  Mr. Granston contends that the Court should vacate his sentence because of ineffective assistance of counsel.  Specifically, Mr. Granston argues (1) that his counsel forced him to enter an involuntary guilty plea; (2) that his counsel failed to object to the charging document; and (3) that his counsel failed to object to unjustified sentence enhancements and double jeopardy violations.  See generally id.

Regarding the voluntariness of his plea, a review of the charge proceedings reveals that the Court conducted a thorough Rule 11 proceeding.  See DE 12-3 in Case No. 10-CV-61279.  Mr. Granston represented, under oath, that he was satisfied with his counsel's representation and advice.  See id. at 5.  Likewise, Mr. Granston represented that he understood the charges against him and the potential sentences.  See id. at 9-10.  Also, Mr. Granston stated that he fully discussed the plea agreement with his attorney and he understood the terms and conditions of the agreement.  Id. at 11.  Most importantly, Mr. Granston, when asked "[d]id anyone force you or coerce you to sign the plea agreement?", Mr. Granston replied, "No, sir." Id. at 12.  Because the record reflects that Mr. Granston's plea was knowing and voluntary, he has failed to establish deficient performance or prejudice and is therefore not entitled to relief.

Regarding Mr. Granston's claim that he should not have been charged in one

information with crimes which occurred on separate dates in separate locations, Mr. Granston asserts only a nonjurisdictional defect. Mr. Granston, however, waived his right to contest nonjurisdictional defects and defenses when he entered a knowing and voluntary plea. Mr. Granston, therefore, has failed to demonstrate a right to relief on this claim.

Lastly, Mr. Granston asserts ineffective assistance of counsel predicated on his counsel's alleged failure to object to unjustified sentence enhancements and double jeopardy violations at sentencing. Mr. Granston, however, has failed to raise any meritorious objections that his counsel could have made at sentencing. Likewise, Mr. Granston's bare assertion of a double jeopardy violation, based on fifteen separate bank robberies on fifteen separate dates, is meritless.

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Report of Magistrate Judge [DE 13] is **ADOPTED**;

2. Mr. Granston's Motion to Vacate Sentence [DE 1] is **DISMISSED**;

3. The Clerk shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 29th day of April, 2011.

_____
JAMES I. COHN
United States District Judge

3